Yak Voorhis, J.
(dissenting). I concur in the dissent of Judge Burke, and mainly for the reasons which he has stated in his dissenting opinion. The test of admissibility of Donovan’s confession is' its voluntariness, as Judge Burke points out, rather than an absolute rule that in all instances one must have an attorney before being questioned where that occurs before criminal charges have been preferred. Questioning without a lawyer at that early stage may, depending upon the circumstances, have a bearing upon whether the confession of an accused is voluntary.
Here neither of these defendants requested to consult a lawyer. Even before the lawyer came to the police station without Donovan’s knowledge, who is alleged to have been retained by his family to represent him, Donovan had told the police where he had disposed of the fatal weapon and of $900 of the stolen money. Both were found exactly where he stated, *161 and the weapon was established by ballistic experts to have been the gun which fired the bullets that were recovered from the body of the victim. It is not claimed that any right to an attorney, constitutional or otherwise, was infringed up to this point. It is difficult to understand how Donovan could have been prejudiced by anything to which he confessed later in his written confession.
This case differs from People v. Noble (9 N Y 2d 571) in several respects, importantly in that Noble declined to talk when questioned by the police until he had consulted a lawyer, but was told by the police, in effect, that he had to answer their questions anyhow. Noble’s confession, under those circumstances, was held to have been involuntary. There is a large difference between that case and this, where Donovan never asked to consult a lawyer, and, unlike Noble, did not refuse to answer questions until after he had consulted a lawyer. Under the ruling on the present appeal, as it seems to me, a confession would be rendered inadmissible if any person with whom an accused had been associated, not necessarily near or distant relatives, were to show after the event that he had asked a lawyer to go to the police station and give advice if the lawyer were to testify that tie had gone there without being allowed to see the accused. Here, it so happens, it was not testified that the lawyer arrived there until after Donovan had told the police where he had put the lethal weapon and a substantial part of the stolen property. Under the ruling by the majority, if the lawyer had reached the police station first, not only would the oral as well as the subsequent written confession have had to have been excluded, but under the “ fruit of the poison tree ” doctrine adopted in this State by People v. Rodriguez (11 N Y 2d 279), it would not have been possible for the People to introduce into evidence either the lethal weapon or the loot, inasmuch as these were discovered only as a result of the confession.
The rule being laid down contains an additional unfairness, as indicated here by the distinction between Donovan and Mencher. Neither of these defendants asked to consult an attorney. It happened, however, that Donovan had a family or connections who testified that they procured one for him. Mencher had no such background support. Does this rule mean that an accused who has friends or connections is to be preferred, *162 under such circumstances, over one who is alone in the world and who has no one to obtain a lawyer for him? The unfairness is recognized here by the granting of a new trial to Mencher also, on the ground that he was mentioned in Donovan’s confession which was not received against Mencher. If that were really basis for reversal, the courts could not admit confessions or admissions by one defendant which implicate a codefendant, even though they be received only as against the person making them and the jury are so instructed. Yet that is done and sanctioned constantly by the courts, except where the part of the confession implicating a codefendant can be redacted. The actuating reason for reversing as to Mencher, it seems to me, is the unfairness of distinguishing between Donovan and Mencher by allowing Mencher’s confession into evidence against himself, since Mencher, unlike Donovan, had no connections to obtain a lawyer who might have told him to remain silent if he had arrived at the station house before Mencher confessed. The inevitable result of this doctrine, if it be maintained, is to require the police to summon a lawyer before questioning an accused.
I vote to affirm as to both defendants.